Jefferson Thomas v. Oran Hacket, Administrator.

No. 2086.—JEFFERSON THOMAS *v.* ORAN HACKET, Administrator.

When the record shows that a twelve months' bond has been given for the price of slaves sold under execution, payment thereof cannot be legally enforced, nor will the purchaser be permitted to recover back any portion of the price he may have paid. The doctrine in the case of Wainwright *v.* Bridges, 19 An., page 234, reaffirmed.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey*, J. *Favrot & Lamon*, for appellee, *Burgess & Chaney*, *Fuqua & Caliham*, for appellant.

HOWE, J. On the twenty-sixth March, 1861, Andrew Matta recovered judgment in the Sixth (now Fifth) District Court, parish of East Baton Rouge, against William Thomas and Richard Thomas *in solido*. A writ of *fieri facias* was issued and the defendants surrendered three slaves, which after an ineffectual attempt to sell for cash, were on the third August, 1861, sold on twelve months' credit, and adjudicated to one of the defendants, William Thomas, who, with the other defendant as co-principal, and the plaintiff in this case as surety, executed a twelve months' bond for the judgment debt. On the ninth October, 1865, a writ of *fieri facias* was issued on this bond, and by process of garnishment the sum of $945 95, due the surety, plaintiff in the case at bar, was collected. On the seventeenth June, 1867, the plaintiff herein filed the petition now before us against the defendant as administrator of the succession of Andrew Matta, praying that the bond be canceled and the mortgage resulting from it erased, and demanding also the recovery of the sum collected from garnishees for the reason substantially that the consideration of the bond was the sale of slaves. The defendant pleaded the general denial, a special denial that the sale of slaves formed the consideration of the debt on which the judgment was rendered, and for which the bond was executed, and the prescription of one year.

The court *a qua* gave judgment that the bond be canceled and annulled, so far as the plaintiff, the surety, is concerned, respecting the claim for the recovery of the sum already collected, and the defendant appealed. We find in the record no answer to the appeal or prayer by appellee for an amendment of the judgment, and it is therefore unnecessary to consider the suggestion in the brief of appellee that the judgment should be amended so as to permit the plaintiff to recover the sum collected by garnishment.

The consideration of the bond in question was clearly the sale of slaves of William Thomas and Richard Thomas, to the former under the first writ of *fieri facias*. Under the authority of Wainwright *v.* Bridges, 19 An. p. 234, and the numerous cases which have followed that decision, we are of opinion that the court *a qua* did not err in its judgment.

It is urged by defendant that there was no sale of slaves in this case because the property of the debtors was bid in by the debtors themselves, and that the defense, that the consideration of the bond was the sale of slaves, cannot therefore be set up by plaintiff.

We do not feel called on to decide what might be the rule if this view of the facts of the case were correct. But we think it fully established that the slaves of the judgment debtors were sold not to themselves but to one of them. The defense of presc..iption appears to have been abandoned.

For the reasons given, it is ordered and adjudged that the judgment appealed from be affirmed with costs.